### In re VINCENT et al.

(District Court, D. Vermont. February 13, 1902.)

HOMESTEAD—EXEMPTION.

Premises permanently rented are not kept as a homestead, within V. S. § 2179, exempting premises "used or kept" as a homestead.[1]

In Bankruptcy.

V. A. Bullard and Henry Ballard, for claimants.

E. C. Mower and Max L. Powell, for creditors.

R. E. Brown, for trustee.

WHEELER, District Judge. The bankrupts are husband and wife, and each claims a homestead; but the statutes of the state give a homestead only to the head of a family, and there is but one family, and, of course, but one head of a family. V. S. § 2179. And this statute gives or preserves the right to premises "used or kept" as a homestead. These premises were not, on the findings of the referee, at the time in question, used by the bankrupts as a homestead; nor were they merely temporarily vacated, but were perma-

1 See Homestead, vol. 25, Cent. Dig. § 41 [e, f, w, x], § 46.

nently rented. They were not, therefore, kept as a homestead. Keyes v. Bump's Adm'r, 59 Vt. 391, 9 Atl. 598. The keeping must arise from visible occupation, as well as from intention; and declarations would not be admissible to show intention to keep unless they were made in company with and qualifying some act with reference to the premises. Eddy v. Davis, 34 Vt. 249. The declarations excluded by the referee were not made near, nor in any way with reference to or concerning, these premises, but only with reference to the city where they were situated. The declarations were therefore properly excluded.

Report of referee confirmed, and claim to homestead denied.